NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

JTSG ENTP INC SOLUTIONS STAFFING DBA SOLUTIONS STAFFING,
*Petitioner Employer*,

ZURICH AMERICA INSURANCE CO C/O GALLAGHER BASSETT,
*Petitioner Insurance Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

CARLOS MARTINEZ, *Respondent Employee*.

No. 1 CA-IC 22-0035
FILED 7-25-2023

———————————————

Special Action - Industrial Commission
ICA Claim No. ICA20210920283
Carrier Claim No. 001627-167049-WC-01
The Honorable Rachel C. Morgan, Administrative Law Judge

**AFFIRMED**

———————————————

COUNSEL

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Stephen C. Baker
*Counsel for Petitioner Employer and Petitioner Insurance Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Fernandez Watts Law PLLC, Phoenix
By Shayna Fernandez Watts
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1 Petitioners Solutions Staffing ("Employer") and Zurich America Insurance, Co. ("Zurich") appeal the Industrial Commission of Arizona's decision awarding Carlos Martinez temporary disability benefits. For the following reasons, the Commission's decision is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 Martinez was employed as an operations technician by Employer, responsible for maintaining three or four machine presses. Before starting his employment, Martinez signed Employer's Substance Abuse Policy ("Policy"). The Policy prohibited "[t]he use, possession, solicitation for, or sale of" drugs and "[b]eing impaired or under the influence of" drugs "that adversely affects the employee's work performance [or] his or her own or others' safety at the workplace."

¶3 On March 12, 2021, while Martinez and a coworker were cleaning a machine press, Martinez stepped off a platform onto uneven concrete, causing him to fall and twist his ankle. Martinez testified he neither was "high" nor had "marijuana or marijuana products" when he arrived at work that day. He further testified he did not "ingest marijuana" nor attempt to buy or sell marijuana during his shift. Before his injury, nobody at work spoke with Martinez about marijuana or his performance or asked him to take

2

a drug test that day. The Administrative Law Judge ("ALJ") found Martinez' testimony credible.

¶4 Due to the fall, Martinez went to FastMed Urgent Care ("FastMed") which diagnosed his injury as a fractured metatarsal in his foot. Pursuant to Employer's Policy, FastMed collected a sample to perform a drug test because Martinez had suffered an injury. Martinez informed the test examiner that he had an active medical marijuana card. The card designated Martinez as a patient, and he used medical marijuana for back pain he claimed arose from overuse during his military service. FastMed discharged Martinez with work restrictions of "[l]imited walking, stairs and no ladders."

¶5 On his next workday, Martinez returned to work, where Employer accommodated his work restrictions by assigning him clerical work. But when Martinez arrived at work on the following day, his manager informed him his employment was terminated because his drug test was positive for THC, the substance that indicates the presence of marijuana. Martinez protested, informing his manager that he possessed a medical marijuana card, but to no avail. Employer's internal communication and termination letter to Martinez later that week confirmed that the cause was a positive drug test result.

¶6 On March 22, Martinez began treatment for his work-related injury with a doctor. That same day, Martinez properly filed a workers' compensation claim with the Commission. About a month later, Zurich accepted Martinez' claim. On May 19, the doctor modified Martinez' work restrictions such that he "must be seated 80% of the time [and] no lifting greater than 10 pounds."

¶7 On June 21, Doctor released Martinez from work restrictions. From the date of his termination until then, Martinez applied for eight employment positions: a benefit specialist, driving instructor, salesman, greeter, twice for cable technician, cable installer, and driver. He did not obtain work during that time. On July 9, Martinez' doctor discharged him from care.

¶8 Zurich closed Martinez' claim on August 9, citing his discharge from medical treatment, and limited Martinez' benefits to medical only. Martinez requested a hearing before the Commission seeking temporary disability payments and claiming

a permanent impairment requiring active treatment. After a hearing before the Commission's ALJ, Employer was found to have violated the Arizona Medical Marijuana Act's ("AMMA") anti-discrimination provision by terminating Martinez simply based on his positive drug test results for THC. The ALJ awarded Martinez temporary disability benefits from March 16 to June 20. Employer and Zurich petitioned for review. Upon review, the decision was affirmed.

¶9 This Court has jurisdiction under A.R.S. § 12-120.21(B), A.R.S. § 23-951(A), and Arizona Rule of Procedure for Special Action 10.

## DISCUSSION

¶10 This court "defer[s] to the ALJ's factual findings but review[s] questions of law de novo" and "consider[s] the evidence in the light most favorable to upholding the award." *Special Fund Div. v. Indus. Comm'n*, 252 Ariz. 267, 269, ¶6 (App. 2021). "Reasonable inferences from the evidence will be supported, but speculation based on nothing in the record cannot be indulged." *Nelson v. Indus. Comm'n*, 134 Ariz. 369, 376 (1982).

## I. THE ARGUMENTS REGARDING THE AMMA WERE ABANDONED.

¶11 Petitioners' briefs argued that Martinez failed to establish he was a qualifying patient under the AMMA and therefore the Employer could not violate the AMMA's anti-discrimination provision in A.R.S. § 36-2813. They also argued that the ALJ erred in not applying the safety-sensitive position exception in the AMMA found at A.R.S. § 23-493.06(A)(7). At oral argument, Petitioners stated that this Court did not need to address these two arguments and asked that it solely focus on their third argument: that Martinez failed to establish he engaged in a good faith job search. Because Petitioners abandoned their first two arguments, this Court will not consider them. *See Miller v. Hehlen*, 209 Ariz. 462, 467, ¶ 13 n.4 (App. 2005); *Pruitt v. Pavelin*, 141 Ariz. 195, 201 (App. 1984).

## II. THE ALJ'S DETERMINATION THAT MARTINEZ ENGAGED IN A GOOD FAITH JOB SEARCH WILL NOT BE DISTURBED.

¶12 Petitioners' sole remaining argument is that Martinez bore the initial burden to show lost earning capacity related to his injury

and failed to do so. *Avila v. Indus. Comm'n*, 219 Ariz. 56, 59, ¶ 13 (App. 2008). Petitioners argue Martinez solicited too few job positions and sought employment inconsistent with his work restrictions.

¶13 An unfruitful good faith effort to seek employment is one means to satisfy this duty. *Avila,* 219 Ariz. at 59 ¶ 13. Alternatively, a claimant can either (1) "present[] testimony from a labor market expert," *Id.* at ¶ 14, or (2) show membership in the "odd-lot category" where the employee's ability to work is "so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist." *Employers Mut. Liability Ins. Co. v. Indus. Comm'n*, 25 Ariz. App. 117, 120 (1975). Because Martinez provided no evidence or testimony regarding the alternatives, he must show he made a good faith effort to gain work and evidence of such is a factual question to be determined by the ALJ.

¶14 This Court looks to the circumstances of each case to determine whether claimants have made a satisfactory effort. *See Phelps Dodge Corp. v. Indus. Comm'n*, 114 Ariz. 252, 254 (App. 1977) (finding a satisfactory effort made when claimant "went to his employer's Labor Department Head and inquired about the availability of light work" even though he failed to file formal applications). Here, Martinez testified that he applied for eight positions between March 16 and June 21. While Martinez did not know the specific requirements for two of those positions—cable technician and cable installer—he believed he could perform the work while conforming to his work restrictions or at least seek accommodations.

¶15 Petitioners ask this Court to establish a static rule on what constitutes a "good faith job search." Petitioners provide no support that the Legislature or the Industrial Commission have implemented such a rule. Since this Court's job is to interpret the law as written and applied, it will not take this opportunity to create law. Martinez provided evidence of his attempts to gain employment. Based on the evidence and testimony presented, the ALJ made a credibility determination as to whether those attempts equated to a "good faith attempt." This was a factual determination that was left to the ALJ and not an abuse of discretion. For this reason, this Court will not disturb the ALJ's finding that Martinez is entitled to temporary disability benefits.

**CONCLUSION**

¶**16** For the foregoing reasons, this Court affirms.



AMY M. WOOD • Clerk of the Court
FILED:   AA